IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY E. ROMERO,

       Plaintiff,

v.                                                     No. 1:12-cv-0962 MCA/GBW

JANET NAPOLITANO, Secretary
Department of Homeland Security,

       Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

This matter comes before the Court on Plaintiff's Fourth Motion for Extension of Time to Complete Discovery. *Doc. 44.* The Court held a hearing on the motion on August 20, 2014. *Doc. 48.* For the reasons stated at the hearing, the Court will GRANT IN PART Plaintiff's Motion.

Plaintiff filed the instant motion on August 1, 2014—the final date for the thrice-extended discovery period. *See doc. 39*. Plaintiff contends that good cause exists to extend discovery through October 1, 2014, based on counsel's health issues and the fact that he is a solo practitioner. *See generally doc. 44*. Specifically, Plaintiff seeks to complete six additional witness depositions and/or additional written discovery. *Doc. 48* at 2. Defendant opposes the motion, arguing that Plaintiff's counsel was not diligent

1

in completing discovery in light of the three prior extensions granted by the Court. *See generally doc. 45.*

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Rowen v. State of New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991). District courts have "wide discretion" in applying Rule 16. *Bylin v. Billings*, 568 F.3d 1224, 1231-32 (10th Cir. 2009).

The Court has reviewed Defendant's explanation for failing to conduct discovery within the time allotted. While the Court recognizes the impact that health conditions can have on one's ability to keep up with the demands of litigation, Plaintiff has failed to establish good cause for requesting a fourth extension to complete the discovery he seeks. The Court and opposing counsel have permitted three prior extensions which collectively added almost seven months to the original six-month discovery period. *See docs. 20, 25, 27, 33, 34, 37, 39.* Throughout this entire year, in addition to Mr. Martinez, Plaintiff was represented by Mr. Faber. While he was functioning as "local counsel," due diligence would require that he or another attorney become involved in the discovery process if Mr. Martinez was unable to do so. Finally, Plaintiff's requested extension is not for a limited amount of discovery. After more than a year in the

discovery phase, Plaintiff still seeks to take the depositions of six individuals and possibly propound additional written discovery requests.

After hearing argument from both sides, the Court does not find good cause for an extension of time to complete all the discovery Plaintiff seeks. Nonetheless, the Court will permit Plaintiff to conduct two additional four-hour depositions of witnesses who reside in Albuquerque. *See doc. 48*.

IT IS THEREFORE ORDERED that the case management deadlines are hereby modified as follows:

1. Plaintiff shall have until **October 1, 2014**, to conduct two four-hour depositions. No further discovery will be permitted.

2. Motions related to discovery disputes will be filed by **October 22, 2014**. This amended deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

3. Pretrial motions other than discovery motions will be filed by **November 17, 2014**.

4. A Proposed Pretrial Order will be sent from Plaintiff to Defendant by **February 6, 2015**, and from Defendant to the Court by **February 20, 2015**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE